THE BANKERS SERVICE CORPORATION, Appellant, *v.* THE SECOND NATIONAL BANK OF ALLEGHENY, Respondent.

First Department, February 1, 1918.

Contract — action on contract to recover balance alleged to be due for services in obtaining new accounts in defendant's bank — right of bank to reject small amounts as undesirable and refuse payment for obtaining them.

In an action on contract to recover a balance alleged to be due the plaintiff for services in obtaining new accounts in defendant's bank, pursuant to a written agreement, it appeared that amounts as low as one dollar each were contemplated and regularly accepted; that long after the accounts were turned in and payment therefor made to the plaintiff on account of many of them, the bank determined that several new accounts were undesirable solely because of their amount, and refused to pay the agreed commissions, and that, although the bank notified the plaintiff that it considered the accounts undesirable, it thereafter retained and never canceled them.

*Held,* that the bank could not retain the deposits and have the use of the money and to this extent the benefit of plaintiff's services and at the same time take the position that it had rejected the accounts as undesirable, and that, therefore, the direction of a verdict upon its counterclaim for alleged overpayments on such accounts was erroneous.

APPEAL by the plaintiff, The Bankers Service Corporation, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 9th day of March, 1917, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office on the 19th day of March, 1917, denying plaintiff's motion for a new trial made upon the minutes.

*Clifford H. Owen* of counsel [*Holm, Whitlock & Scarff,* attorneys], for the appellant.

*Charles Adkins Baker* of counsel [*Parker & Aaron,* attorneys], for the respondent.

SHEARN, J.:

This was an action on contract to recover a balance due plaintiff for services performed in obtaining new accounts in defendant's bank pursuant to a written agreement by the terms of which plaintiff undertook to procure depositors and defendant's predecessor agreed to pay three dollars for each account. A large number of the accounts were one dollar each, but it appeared beyond question that accounts as low as this were contemplated and that the bank regularly accepted them. The contract provided that " The issuing of the pass book by The Bank indicates a new and acceptable depositor, as hereinafter stated," and further provided that the bank " has the right to refuse payment for depositors accepted from The Corporation where such accounts in the judgment of the Bank are undesirable." Long after the accounts were turned in and after the bank had paid the plaintiff on account of many of them, but without prejudice, the bank determined that 1,145 accounts were undesirable solely because of their amount, and refused to pay the plaintiff its agreed commissions. Plaintiff sued to recover the agreed fee and defendant counterclaimed for what amounted to an overpayment, which overpayment was established if the defendant was in a position to take advantage of its claim that it had rejected the accounts as undesirable.

It clearly appears that notwithstanding the bank accepted the one dollar accounts and issued a pass book it still had the right to determine that the accounts were undesirable, and on such determination to reject them. The difficulty with the bank's position, however, is that all that it did was to notify the plaintiff that it considered the accounts undesirable and in spite of this the bank thereafter retained the accounts and never canceled them. In my opinion, the bank could not retain the deposits and have the use of the money and, to this extent, the benefit of plaintiff's work, and at the same time take the position that it had " rejected "

the accounts as " undesirable." The direction of a verdict upon defendant's counterclaim was, therefore, erroneous.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

CLARKE, P. J., LAUGHLIN, SCOTT and PAGE, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.